IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRACY LYNN BLISS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:25-cv-660 |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | Re: ECF No. 7 |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Pending before the Court is the Brief in Support of Relief, ECF No. 7, filed by Plaintiff Tracy Lynn Bliss ("Plaintiff"), appealing the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 et seq., and her claim for supplemental security income ("SSI") under Subchapter XVI of the Act, 42 U.S.C. § 1381 et seq. The Commissioner has filed a Brief in Opposition, ECF No. 8, and Plaintiff has filed a Reply Brief, ECF No. 11.[1]

Upon consideration of the parties' filings, and after reviewing the Commissioner's decision, the Court finds that the Commissioner's findings are supported by substantial evidence and will affirm. See 42 U.S.C. § 405(g); Biestek v. Berryhill, 587 U.S. 97, 102-03 (2019);

---

[1]    Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 14, 15.

Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs, 48 F.3d 114, 117 (3d Cir. 1995) (citing Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988)).

## I.    BACKGROUND

Plaintiff protectively filed claims for DIB and SSI effective April 15, 2022, claiming that she became disabled on February 3, 2021.  AR at 17, 268-301.[2]  After being denied initially on November 18, 2022, and upon reconsideration on June 5, 2023, Plaintiff sought, and obtained, a telephone hearing before an Administrative Law Judge ("ALJ") on January 4, 2024.  AR at 17, 80-101, 102-25, 180, 49-79.  In a decision dated May 16, 2024, the ALJ denied Plaintiff's request for benefits, finding that she was able to perform jobs that exist in significant numbers in the national economy.  AR at 17-31.  On April 15, 2025, the Appeals Council declined to review the decision.  AR at 1-3.  Plaintiff has filed an appeal with this Court.

On appeal, Plaintiff argues that the ALJ failed to apply the doctrine of collateral estoppel in determining her residual functional capacity ("RFC") and that, in any event, the ALJ's RFC findings are not supported by substantial evidence because they are inconsistent with all of the assessments performed to determine Plaintiff's ability to work.  As discussed herein, the Court disagrees and finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled.

## II.    STANDARD OF REVIEW

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.  See 42 U.S.C. § 405(g); Schaudeck v.

---

[2]    The Court will refer to the Administrative Record, docketed at ECF No. 5, as "AR."

Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence); Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001).  If the district court finds this to be so, it must uphold the Commissioner's final decision. See Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process to guide ALJs in determining whether a claimant is under a disability as defined by the Social Security Act.  See 20 C.F.R. §§ 404.1520, 416.920.  At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity ("SGA").  If he or she is not engaging in such activity, at Step Two, the ALJ determines whether the claimant is suffering from a severe impairment.  If so, the ALJ proceeds to Step Three to determine whether the claimant's impairment meets or equals the criteria for a listed impairment.  If a claimant satisfies a listing, a finding of disability is automatically directed.  If the claimant does not satisfy a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's RFC, which is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments.  See Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  At Step Four, it is the claimant's burden of demonstrating an inability to perform his or her past relevant work.  If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to Step Five.  At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability.

### III.    DISCUSSION

Here, the ALJ determined that Plaintiff was not disabled after applying the five-step process.  First, she found that Plaintiff had not engaged in SGA through the alleged onset date of February 3, 2021.  AR at 20.[3]  After finding that Plaintiff suffered from several severe impairments, including lumbar degenerative disc disease status post fusion, degenerative joint disease of the right sacroiliac joints status post fusion, anxiety, and depression, none of which met or equaled a listing, the ALJ proceeded to determine Plaintiff's RFC.  AR at 20-22.  The RFC, as found by the ALJ, restricted Plaintiff to a limited range of light work with additional postural, environmental, and mental restrictions.[4]  Based on that RFC, the ALJ found that Plaintiff was not disabled because she was capable of performing work in the national economy, including the representative occupations of investigator/dealer accounts, non-postal mail clerk, and assembler.  AR at 22-30.  As noted above, Plaintiff raises several challenges to these findings.

#### A.    Collateral Estoppel

Plaintiff first argues that the ALJ failed to apply the doctrine of collateral estoppel – also known as issue preclusion – in determining her RFC.  Plaintiff had filed a previous application for DIB and SSI effective May 2, 2019, claiming that she became disabled on February 14, 2019.  AR at 130.  In a decision dated February 2, 2021, the ALJ deciding that prior application denied Plaintiff's claim for benefits.  AR at 130-44.  In so doing, the ALJ formulated an RFC providing

---

[3]    The ALJ also found that Plaintiff met the insured requirements to qualify for DIB through December 31, 2022.  Id.

[4]    Plaintiff does not challenge any of the ALJ's findings regarding her mental functioning.

that Plaintiff was restricted to a limited range of sedentary work[5] and found, based on that RFC, that Plaintiff could perform work in the national economy.  AR at 137, 143.  Conversely, in this case, the ALJ found, in her May 16, 2024 decision, that Plaintiff could perform a limited range of light work.[6]  AR at 22.

Plaintiff asserts that because the ALJ in her prior case had found her to be limited to sedentary work, the ALJ in the instant matter was precluded from finding that she could perform light work.  ECF No. 7 at 4-5.  She argues that absent evidence of medical improvement during that time, pursuant to the collateral estoppel doctrine, the ALJ here was bound by the finding of the ALJ in Plaintiff's prior case that Plaintiff could do no more than sedentary work.  Id.  In support of this position, she cites Piecynski v. Barnhart, 430 F. Supp. 2d 503, 510 (W.D. Pa. 2006).

Plaintiff is correct that collateral estoppel and the related doctrine of res judicata apply not only to judicial decisions but also to administrative decisions.  See Piecynski, 430 F. Supp. 2d at 510.  The issue here is whether these doctrines bind a later ALJ, in making findings for a subsequent time period, to the same RFC as found by a prior ALJ, absent subsequent evidence showing improvement or deterioration of Plaintiff's condition.  Plaintiff's reliance on Piecynski notwithstanding, the United States Court of Appeals for the Third Circuit, albeit in unreported decisions, has declined to apply the doctrine of collateral estoppel in such a manner.  For example, in Carter v. Barnhart, 133 F. App'x 33 (3d Cir. 2005), the Third Circuit held that res

---

[5]    Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  See 20 C.F.R. §§ 404.1567(a), 416.967(a).

[6]    Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Light work also generally requires the ability to stand and/or walk at least six hours out of an eight-hour day.  See SSR 83-10, 1983 WL 31251, at *6 (S.S.A. 1983); 20 C.F.R. §§ 404.1567(b), 416.967(b).

judicata did not bind a subsequent ALJ in a social security disability action, not only because the record contained new evidence, but also because the relief sought in the second application for benefits pertained to a later period.  Id. at 35.  See also Clark v. Barnhart, 206 F. App'x 211 (3d Cir. 2006).

District courts within the Third Circuit have generally held similarly.  The decision in Zavilla v. Astrue, Civ. No. 09-133, 2009 WL 3364853 (W.D. Pa. Oct. 16, 2009), provides a thorough and persuasive explanation as to why, in this Circuit, the doctrines of claim or issue preclusion do not bind a subsequent ALJ to findings and decisions of a prior ALJ when the claimant seeks benefits for a subsequent period of time.  Likewise, in Krokus v. Colvin, Civ. No. 13-389, 2014 WL 31360 (W.D. Pa. Jan. 2, 2014), the court found that the ALJ did not err in finding the claimant could perform light work even though the claimant had been limited to sedentary work in connection with an earlier application, finding that collateral estoppel did not compel such a result.  See also Babyak v. Berryhill, 385 F. Supp. 3d 426 (W.D. Pa. 2019) (holding that a previous ALJ's RFC assessment done in connection with a prior application had no preclusive effect as to the claimant's subsequent application despite the fact that only 10 months had passed); Butler v. Colvin, Civ. No. 15-1923, 2016 WL 2756268, at *16 (M.D. Pa. May 12, 2016) (rejecting the argument that the finding by a different ALJ in claimant's prior claim that she was limited to sedentary work was binding on the current ALJ and agreeing that "the Third Circuit has never held that an ALJ is bound by the findings of another ALJ for a prior period of time").

Therefore, it is clear that in this Circuit a subsequent ALJ is not bound by the RFC findings of a previous ALJ for a previous period of time.  The earlier findings are relevant, of course, but lack preclusive effect.   What the ALJ must do is consider all of the evidence for the

6

relevant period, not merely take the prior RFC determination and explain any changes from that determination based on evidence of a later change in condition.

Here, the ALJ not only engaged in such analysis, but she also specifically discussed the substantial difference in treatment between the time of Plaintiff's first application for benefits and the current one. She explained that during the prior period pertaining to Plaintiff's 2019 application, the record showed that Plaintiff sought regular treatment for lumbar disc degeneration, right hip degeneration, and mental impairments, during which she reported intensifying and chronic symptoms which led to increases in her prescribed medications. AR at 22-23. The ALJ contrasted this with Plaintiff's 2024 testimony that she had not pursued treatment for two to three years. Id. The ALJ therefore acknowledged Plaintiff's earlier back issues but emphasized that she "eschewed continued treatment to alleviate her symptoms and testified to using only over-the-counter acetaminophen." AR at 24. Accordingly, even if collateral estoppel did apply in the way in which Plaintiff claims it does, the ALJ actually did explain how conditions had changed since the first RFC finding.

### B. Substantial Evidence

Plaintiff goes on to argue that, in any event, the ALJ's determination that she could perform light work was not supported by substantial evidence. She contends that such a finding is inconsistent with all of the assessments performed on her as to her functional capacity. ECF No. 7 at 6-7. Specifically, she asserts that the Physical Work Performance Evaluation conducted by Lisa Pitre on December 14, 2020 (AR at 764-75), the May 3, 2023 examination and findings of consultative examiner Staci Snyder, N.P. (AR at 1364-84), and the November 3, 2022 examination and findings of consultative examiner Melita Konecke, M.D. (AR at 1189-1204), demonstrate that Plaintiff lacked the capacity to perform any range of light work. ECF No. 7 at 6-7.

Plaintiff is correct, of course, that an ALJ must consider the medical opinion evidence in making his or her findings. See 20 C.F.R. §§ 404.1520c, 416.920c. However, it is clear that the ALJ in this case did consider the findings and opinions of Ms. Pitre, N.P. Snyder, and Dr. Konecke. In regard to the Physical Work Performance Evaluation conducted by Ms. Pitre, the ALJ explained why the findings contained therein that Plaintiff was unable to perform a full range of sedentary work were unpersuasive, including that this finding was from an earlier period during which Plaintiff was still pursuing treatment. AR at 26. She further discussed the opinion of N.P. Snyder that Plaintiff was unable to perform the lifting necessary for light work and explained that she found the opinion to be unpersuasive because it was inconsistent with objective medical evidence such as x-rays and largely normal clinical observations. AR at 28. Therefore, while she did not adopt these opinions, the ALJ explained why she found them to be unpersuasive.

Further, these were not the only opinions as to Plaintiff's functional capacity in the record, and the ALJ further discussed the additional opinion evidence, including the opinions she did find to be persuasive. She addressed the consultative findings and opinion of Dr. Konecke, finding Dr. Konecke's opinion that Plaintiff could perform a limited range of light work to be persuasive. AR at 27.[7] The ALJ also explained how she relied on other opinions finding Plaintiff could perform light work in determining the RFC, including those of state reviewing agents Chan Kun Chang, M.D., and Virginia Marie Dato, M.D. AR at 27-28. None of these opinions were binding on the ALJ, as "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d

---

[7]    Dr. Konecke did not, as Plaintiff alleges, find that Plaintiff "was limited to no more than four (4) hours on her feet." ECF No. 7 at 6. Rather, Dr. Konecke found that Plaintiff could stand for a total of four hours per day and walk for a total of three hours per day, AR at 1194, allowing Plaintiff to be on her feet for up to seven hours a day, which is consistent with the requirements for light work. See SSR 83-10, 1983 WL 31251, at *6.

Cir. 2011).   See also 20 C.F.R. §§ 404.1520c(a), 404.1546(c); 416.920c(a), 416.946(c). Nonetheless, there is no question that the ALJ gave each medical opinion consideration in rendering her decision.

Moreover, the ALJ discussed all of the opinion evidence within the context of the record as a whole.  In addition to this evidence, she discussed and considered the objective medical evidence, Plaintiff's treatment history, including her spotty compliance with recommended treatment, and Plaintiff's subjective allegations.  This is consistent with the requirement that an ALJ's RFC assessment be "based on all of the relevant medical and other evidence."  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). See also 20 C.F.R. §§ 404.1529(b) & (c), 416.929(b) & (c).

If supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently.  See Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986); Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).  Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision."  Malloy v. Comm'r of Soc. Sec., 306 F. App'x 761, 764 (3d Cir. 2009).  As such, to the extent the Court is being asked to come to its own conclusion as to Plaintiff's RFC based on the evidence, it declines to do so.

Therefore, the Court finds that the ALJ adequately accounted for the medical opinion evidence and that her RFC findings were supported by substantial evidence.

## IV.    CONCLUSION

Accordingly, for all of the foregoing reasons, the Court finds that the ALJ applied the correct legal standards and that substantial evidence supports her decision.  It will therefore affirm.

AND NOW, this 18th day of June, 2026, IT IS HEREBY ORDERED that Plaintiff's Brief in Support of Relief, ECF No. 7, is DENIED, and the Commissioner's decision denying Plaintiff's claims for DIB and SSI under the Social Security Act is AFFIRMED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order, he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court.

BY THE COURT,

*s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of record via CM/ECF